(Court of Appeal, Parish of Orleans.)

## CARL S. BAUMAN vs. F. WILLIAM ARMBRUSTER.

1. The insolvency referred to in Revised Civil Code 3193 and 3194 is that existing at the time of death or interment of decedent.
2. The privilege of the undertaker need not be recorded in order to preserve its rank over mortgage creditors of decedent.
3. Succession creditors outrank the creditors of the testator and the burden of bearing or averting a loss that might arise from a wrongful diversion or disposition of succession assets is imposed upon the latter and not upon the former.

Appeal from the Civil District Court, Division "D."

George Montgomery, for plaintiff and appellant.

Stafford and Robinson for defendant and appellee.

Dinkelspiel, Hart & Davey, for Civil Sheriff.

GODCHAUX, J.—J. G. Roche & Sons, undertakers, secured judgment in solido against the Succession of Grace Eggleston and F. W. Armbruster, the universal legatee under her will, this judgment recognizing in favor of the undertaker a privilege upon all movable and immovable property comprised in the succession.

> See **J. G. Roche & Sons vs. Armbuster, et al, 7 Court of Appeal, 476.**

This judgment was rendered on June 8, 1910, but a short time prior thereto and while the case was pending on appeal in this court, Bauman, the present plaintiff, directed executory proceedings against the real property comprised in the estate under a mortgage executed by the late Grace Eggleston about a year prior to her death. The property having been sold under foreclo-

sure for $4,400.00, that is, for less than the amount of the mortgage note and accrued interest, namely $5,500.00, and the sheriff finding upon the records the registry of several privileges against the property (among thém being the notice of suit and judgment of J. G. Roche and Sons) deposited in court the proceeds of sale and cited the foreclosing mortgage creditor and the privilege creditors in order that the funds might be distributed under the court's sanction. This appeal is confined to a contest between plaintiff, the mortgage creditor, and J. G. Roche and Sons, the undertakers.

It is claimed that in accordance with Revised Civil Code 3193 and 3194 the undertaker's allowance should be reduced to $200, because the succession is insolvent. The inventory taken at the time the succession was opened showed assets as follows: Movables, $1,082.10; cash, $300.00; jewelry, $1,117.50; real estate $6,000—a total of $8,499.60. Even should the value of the real estate be taken at the price at which it was actually sold, the assets exceed the aggregate debts disclosed by the record, and, the estate being solvent at the time that the funeral charge was contracted, the articles of the code cited can have no application, for the insolvency therein referred to is that existing at the time of death or interment. Consequently the fact that the assets of the succession may have been disposed of by the universal legatee or other legal representative to the prejudice of creditors can have no bearing upon this subject, however, it might otherwise affect the mode of distribution of the remainder of the estate among the priviliged creditors.

It is further contended that the undertaker's privilege has been lost as against the mortgage creditor of the deceased for lack of registry within seven days as required by Articles 3274 Revised Civil Code. But the subsequent article of the code, namely, 3276, specifi-

cally provides that funeral charges require no recordation to preserve their privileged rank, and no authority has been cited to us that makes an exception to this rule in favor of decedent's mortgage creditors.

It is further urged that the undertaker's claims which enjoys a privilege upon both the movables and the immovables of the estate should be satisfied first out of the former species of property before proceeding against the immovables to the prejudice of the mortgage creditor. But the mortgage creditor has failed to show, as it was his duty to do, that there presently exists in the hands of the succession representative any movables at all or that such movables could be made available for the satisfaction of the privileged debt. While he has shown that the inventory of the succession originally comprised certain movables, the records disclose that possession of the entire property, both movable and immovable, passed from the succession to the heir shortly after the death of the decedent, and we know of no law which requires that a creditor of such high rank and sweeping privilege as an undertaker, should pursue the movables into the hands of third persons before being permitted to have recourse to the immovables for the satisfaction of his claim.

Holding a privilege or lien upon the immovable property alone and constantly facing the contingency of having even that security diminished on account of the absence, diversion, or disposal of the movables from which creditors having privileges on both movables and immovables might be paid, the burden of exercising vigilance in keeping the estate intact and in recovering property wrongfully disposed of would appear to rest rather on the mortgage creditor than upon the undertaker who, notwithstanding the loss of the movables, still preserves the immovables as security for his claim.

Succession creditors outrank the creditors of the testator and the burden of bearing or averting a loss that might arise from wrongful diversion of succession assets should not be imposed upon the former but upon the latter.

The judgment appealed from recognized the right of the undertaker to be paid by priority over the mortgage creditor on the basis of an interment charge of only $200. This allowance must be increased as demanded by appellee in answer to the appeal and in accordance with views heretofore expressed.

It is, therefore, ordered and decreed that the judgment appealed from be amended by increasing the item of $200 in favor of J. G. Roche and Sons to the sum of $326 with legal interest thereon from March 9, 1909, and as thus amended and in all other respects the said judgment is affirmed at appellant's cost.

February 20, 1911.

Rehearing refused, April 3, 1911.

Writ granted by Supreme Court, May 1, 1911.

Reversed by Supreme Court June 30, 1911.